IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| **LINDA MOORE**, <br><br> Plaintiff, <br><br> vs. <br><br> **SOUTH CAROLINA PORTS AUTHORITY,** <br><br> Defendant. | Civil Action No.: 2:20-cv-4251-RMG <br><br><br> COMPLAINT |

Plaintiff, Linda Moore, by and through her undersigned attorney, alleges in her complaint against Defendant, South Carolina Ports Authority (hereinafter "SC Port") and would respectfully show unto this Honorable Court:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff Linda Moore is a citizen and resident of the County of Duval, State of Florida

2. Defendant is a political subdivision, a government entity, and/or an agency of the State of South Carolina as that term is defined in the South Carolina Tort Claims Act with a principal place of business in Charleston County, South Carolina.

3. This action is brought pursuant of S.C. Code Ann. §15-78-10 to 15-78-190 (Supp. 1991) to recover for the personal injuries and damages sustained by the Plaintiff in the incident hereinafter alleged.

4. At all times relevant herein, Defendant acted by and through its agents, contractors, and employees for the purpose of carrying on its business.

5. This Honorable Court had jurisdiction of the parties and subject matter of the action by reason of the complete diversity of citizenship between the parties and the amount in

controversy exceeding the sum of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of costs and interest, under the provisions of 28 U.S.C. § 1332.

6. A substantial portion of the events or omission giving rise to the claim occurred within this judicial district making venue proper under 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

1. On May 4, 2019, Plaintiff was working for Intercruise when she fell at Building 324 located on SC Ports Union Pier Terminal.

2. Plaintiff was walking towards the parking lot when she encountered a change in elevation at the transition to the asphalt causing her to fall.

3. At the time of the fall, there was no warning paint at the change in elevation.

4. At the time of the fall, there were no warning cones, warning signs, or warning tape.

5. At the time of the fall, the change in elevation was greater than ½ inch.

6. Plaintiff suffered immediate severe pain all over her body, including but not limited to, her wrist, hand, arm, face, nose, and knee.

7. The American Society for Testing and Materials standards apply to the area where Plaintiff fell.

## FOR A FIRST CAUSE OF ACTION – NEGLIGENCE

8. At all times, Defendant owed a duty of care to Plaintiff and other business invitees to inspect and warn them of areas maintained by Defendant that are hazardous and or unreasonably dangerous.

9. At all times, Defendant owed a duty of care to Plaintiff and other business invitees to correct any hazardous conditions by taking reasonable action, such as, painting the change in elevation and/or placing a warning cone, sign and/or tape.

10. At all times material hereto, Defendant knew, or reasonably should have known, of the dangerous condition and/or tripping hazard on the pier.

11. Defendant breached the duties of care owed to Plaintiff and other business invitees in at least one of the following ways:

   a) Creating a dangerous condition;

   b) Failing to mark or warn individuals of the hazardous area;

   c) Failing to provide adequate signage;

   d) Failing to inspect and make the premises safe for use;

   e) Failing to warn Plaintiff of the dangerous condition;

   f) Failing to correct the dangerous conditions which the Defendant knew, or should have known of, by the use of reasonable care;

   g) Failing to use the degree of care and protection that a reasonable and prudent person and/or business owner and/or political subdivision would have used under the same or similar circumstances;

   h) Failing to enact safety rules that would have prevented this situation from happening;

   i) Failing to follow the safety rules designed to prevent this situation from happening;

   j) Failing to properly hire, train and supervise its employees and/or independent contractors;

   k) In negligently hiring, training, retaining and supervising its employees and/or independent contractors;

   l) Failing to follow all applicable safety rules, codes, regulations, laws,

3

company rules, company policies and industry standards that would have prevented this from happening; and

m) And such other and further reasons that the evidence may show at the trial of this case.

## **DAMAGES**

12. As a direct and proximate result of Defendants' negligent, reckless, willful, wanton, intentional, and/or grossly negligent acts and/or omissions, as enumerated herein above, Plaintiff:

    a) Suffered injuries to various parts of her body, including but not limited to, wrist, hand, arm, face, nose, and knee;

    b) Has experienced in the past and will experience in the future pain, discomfort, loss of use, and emotional and psychological injuries;

    c) Incurred medical bills and will incur medical bills in the future causally related to the injuries caused by Defendant's negligence;

    d) Lost income; and

    e) Has been limited in her ability to perform her usual household duties and social activities.

13. Defendant's conduct constitutes a conscious disregard for the life and safety of Plaintiff and for the lives and safety of other business invitees, and Defendant are, therefore, liable to Plaintiff for exemplary or punitive damages.

**WHEREFORE**, Plaintiff demand a trial by jury and prays for judgment against the Defendant for such amount of actual and punitive damages exceeding the sum of SEVENTY-FIVE

5

THOUSAND AND NO/100 ($75,000.00) DOLLARS as determined by the Trier of Fact; for the cost of this action; and for such other and further relief as may be just and proper.

    /s/ Kevin B. Smith
Kevin B. Smith, Esq.
Federal Bar No.: 9074
Amanda R. Itterly, Esq.
Federal Bar No.: 12597

Hoffman Law Firm, LLC
7087 Rivers Ave.
N. Charleston, SC  29406
Phone: (843) 769-7077
Fax: (843) 769-4567
ksmith@hoffmanlawfirm.com
amanda@hoffmanlawfirm.com
Attorneys for Plaintiff

North Charleston, South Carolina

December 8, 2020