| | |
|---|---|
| **UNITED STATES DISTRICT COURT FOR THE DISTRICT OF SOUTH CAROLINA CHARLESTON DIVISION** | |
| LINDA MOORE, <br><br> Plaintiff, <br><br> v. <br><br> SOUTH CAROLINA PORTS AUTHORITY, <br><br> Defendant. | CASE NO.:  2:20-cv-4251-RMG |

## MOTION TO DISMISS AND INCORPORATED MEMORANDUM IN SUPPORT

Pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, the South Carolina Ports Authority (hereinafter "Ports Authority") moves this Court for an Order dismissing this action with prejudice pursuant to the principles of sovereign immunity and the Eleventh Amendment of the United States Constitution. *See Ristow v. S.C. Ports Auth.*, 58 F.3d 1051 (4th Cir. 1995).

## PROCEDURAL CASE HISTORY

Plaintiff filed this trip-and-fall, personal injury lawsuit in United States District Court for the District of South Carolina on December 8, 2020 citing diversity jurisdiction under 28 U.S.C. § 1332.  Pursuant to Rule 4(d)(5) of the South Carolina Rules of Civil Procedure, Plaintiff is required to serve both the Attorney General of the State of South Carolina and the Ports Authority with the Summons and Complaint.  Plaintiff served a copy of the Summons and Complaint on the Attorney General by registered or certified mail on December 16, 2020, and the Ports Authority accepted service of the Complaint on January 6, 2021.  The Ports Authority now files this motion to dismiss with prejudice in lieu of filing an answer.

**BACKGROUND**

The Ports Authority was created by 1942 Act Number 626 of the South Carolina General Assembly, codified at S.C. Code Ann. §§ 54-3-10 to 54-3-1050. The Ports Authority is an instrumentality of the State of South Carolina whose statutory responsibilities include promoting, developing, constructing, equipping, maintaining and operating the harbors and seaports within the state for the handling of water-borne commerce from and to any part of the state and other states or foreign countries, and the fostering of the shipment of freight and commerce through said ports, whether originating within or without the state. S.C. Code Ann. § 54-3-130.

Loss claims and legal actions against the Ports Authority are controlled by the South Carolina Tort Claims Act. S.C. Code Ann. §§ 15-78-10 *et seq.*

Because the Ports Authority is an instrumentality of the State of South Carolina, it is very much part of the State of South Carolina. The Ports Authority is identified with the State of South Carolina and the performance of its functions, which are unquestionably of a governmental character. In fact, Plaintiff's Complaint acknowledges this as Plaintiff specifically alleges the Ports Authority "is a political subdivision, a government entity, and/or an agency of the State of South Carolina." ECF No. 1 ¶ 2.

**STANDARD OF REVIEW**

When evaluating a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) on the grounds that the complaint fails to state facts upon which jurisdiction can be founded, the plaintiff has the burden of proving jurisdiction. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). In ruling on a Rule 12(b)(1) motion, the court may consider exhibits outside the pleadings. *See Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). Indeed, "the trial court is free to weigh the evidence and satisfy

itself as to the existence of its power to hear the case." *Id*.; *see also Richland-Lexington Airport Dist. v. Atlas Props.*, 854 F. Supp. 400, 407 (D.S.C. 1994) (explaining the differences between dismissal procedure under Rule 12(b)(1) and summary judgment under Rule 56(c)).

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted); *see also Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) . . . does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). When considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. *Ostrzenski v. Seigel*, 177 F.3d 245, 251 (4th Cir. 1999); *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). However, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

While the Fourth Circuit has not resolved which of these rules applies to a motion to dismiss on the basis of sovereign immunity and Eleventh Amendment immunity, it has found that it is important to resolve immunity questions as soon as possible after immunity is asserted. *See Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 481 (4th Cir. 2005) (stating in dicta that "Eleventh Amendment immunity does not limit a federal court's subject-matter jurisdiction"); *Andrews v. Daw*, 201 F.3d 521, 525 n.2 (4th Cir. 2000) ("Our cases have been unclear on whether a dismissal on Eleventh Amendment immunity grounds is a dismissal for

failure to state a claim under Rule 12(b)(6) or a dismissal for lack of subject matter jurisdiction under Rule 12(b)(1).").

## LAW/ANALYSIS

Plaintiff's lawsuit against the Ports Authority cannot survive in this Court because sovereign immunity[1] and the Eleventh Amendment preclude the exercise of federal judicial power over the Ports Authority.

As a threshold matter, the Ports Authority is entitled to sovereign immunity. *Ristow v. S.C. State Ports Auth.*, 58 F.3d 1051, 1055 (4th Cir. 1995) ("We, therefore, conclude that the South Carolina State Ports Authority is entitled to Eleventh Amendment immunity from suit."); *see also Fed. Maritime Comm'n v. S.C. State Ports Auth.*, 535 U.S. 743, 751, n.6 (2002) (recognizing *Ristow*'s determination that the Ports Authority is entitled to sovereign immunity as an arm of the State and applying it to bar a complaint against the Ports Authority before a federal agency).

Sovereign immunity can be couched as a jurisdictional question. *Calderon v. Ashmus*, 523 U.S. 740, 745 n.2 (1998) ("[T]he Eleventh Amendment is jurisdictional in the sense that it is a limitation on the federal court's judicial power[.]"). "[T]he doctrine's central purpose is to 'accord the States the respect owed them as' joint sovereigns." *Fed. Maritime Comm'n*, 535 U.S. at 765 (*quoting P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993)). As the United States Supreme Court discussed in *Alden v. Maine*, *supra*, sovereign immunity prevents "the indignity of subjecting a State to the coercive process of judicial tribunals at the instance of private

---

[1] It should be noted that the terms "Eleventh Amendment" and "sovereign immunity" are often used interchangeably. However, the Eleventh Amendment is more appropriately a *recognition* of the sovereign immunity of a state; it does not *confer* sovereign immunity on a state or represent the entire scope of a state's sovereign immunity. *See Alden v. Maine*, 527 U.S. 706, 713 (1999) ("The phrase [Eleventh Amendment immunity] is convenient shorthand but something of a misnomer, for the sovereign immunity of the States neither derives from nor is limited by the terms of the Eleventh Amendment.").

4

parties." *Id.* at 749 (*quoting In re Ayers*, 123 U.S. 443, 505 (1887)). In the instant case, the doctrine of sovereign immunity and the Eleventh Amendment protect the Ports Authority from being subject to this lawsuit in this Court.

The Eleventh Amendment bars suits in federal court for money damages against an "unconsenting State." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). This immunity extends to "arm[s] of the State," *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977), including state agencies. *Gray v. Laws*, 51 F.3d 426, 430 (4th Cir.1995). Both the Fourth Circuit and this Court have explicitly ruled that the Ports Authority is state agency entitled to Eleventh Amendment immunity from suit. *See Ristow*, 58 F.3d at 1055.

The facts of this case fit squarely into the *Ristow* precedent. In *Ristow*, the plaintiff filed a negligence action in federal district court against the Ports Authority, asserting federal jurisdiction based on diversity of citizenship. *Id*. at 1052. In granting the Ports Authority's motion to dismiss, the court analyzed the six factors identified by the Supreme Court in *Lake Country Estates, Inc. v. Tahoe Regional Planning Agency*, 440 U.S. 391, 401 (1979), which are considered useful in determining Eleventh Amendment immunity issues: (1) the characterization of the entity by the language of its creating statutes; (2) the origin of the entity's funding; (3) whether the state is financially responsible for the liabilities and obligations incurred by the entity; (4) the source of the power to appoint the entity's officers or members; (5) whether the function performed by the entity is traditionally state or municipal; and (6) whether the entity's actions are subject to a veto by the state; focusing on third factor as directed in *Hess v. Port Auth. Trans-Hudson Corp*., 513 U.S. 30 (1994). The court determined "the practical effect of South Carolina's treatment of the fiscal affairs of the Ports Authority . . . definitively implicates the state treasury" and "[t]o deny

5

Eleventh Amendment immunity in these circumstances would ignore economic reality." *Ristow*, 58 F.3d at 1054.

Put simply, the Ports Authority is protected by South Carolina's sovereign immunity because it is an arm of the State, as recognized by the Fourth Circuit and the Supreme Court, and Plaintiff's action must therefore be dismissed. *See id.* at 1055 (4th Cir. 1995); *Fed. Mar. Comm'n*, 535 U.S. at 751.

The Eleventh Amendment provides that sovereign entities such as the Ports Authority cannot be made a party to a "suit."[2] A "suit is against the sovereign if 'the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration,' or if the effect of the judgment would be 'to restrain the Government from acting, or compel it to act.'" *Dugan v. Rank*, 372 U.S. 609, 620 (1963) (citations omitted). Similarly, "suit" includes "the prosecution, or pursuit, of some claim, demand, or request. In law language, it is the prosecution of some demand in a Court of justice." *Cohens v. Virginia*¸19 U.S. 264, 407 (1821).

In this instance, this lawsuit plainly impacts the public treasury of the State of South Carolina, as Plaintiff alleges in her Complaint that she seeks a judgment of at least $75,000.00 from the Ports Authority. Furthermore, engaging in this lawsuit would compel the Ports Authority to act in ways which are impermissible under the Eleventh Amendment and the doctrine of sovereign immunity. *See Mitchell v. Forsyth*, 472 U.S. 511, 525 (1985) ("The entitlement is an *immunity from suit* rather

---

[2] "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. While the text of the Eleventh Amendment is literally read to address suits by the citizen of one state against another state, it has been interpreted more broadly. An extensive body of case law has established that the Eleventh Amendment prevents suits by *any person* against a state. *See Edelman v. Jordan*, 415 U.S. 651 (1974); *Hans v. Louisiana*, 134 U.S. 1 (1890) (holding that the Eleventh Amendment bars suits by citizens against their own state).

than a mere defense to liability . . . ." (emphasis in original)).  Indeed, "[w]hile state sovereign immunity serves the important function of shielding state treasuries and thus preserving 'the States' ability to govern in accordance with the will of their citizens,' the doctrine's central purpose is to 'accord the States the respect owed them as' joint sovereigns." *Fed. Maritime Comm'n*, 535 U.S. at 765 (quoting *Alden*, 527 U.S. at 750-51) (internal citation omitted).  Plaintiff's proposed suit ignores the Ports Authority's well-established immunity from suit in this Court, and it therefore is due to be dismissed.

## CONCLUSION

Based on the foregoing, this Court should grant the Ports Authority's motion to dismiss this suit with prejudice on principles of sovereign immunity and the Eleventh Amendment.

Respectfully submitted,

SHUMAKER, LOOP & KENDRICK

s/ J. Bennett Crites, III
J. Bennett Crites, III (Fed I.D. #9401)
176 Croghan Spur Road, Suite 400
Charleston, South Carolina 29407
Ph. 843.996.1911
bcrites@shumaker.com

*Counsel for the South Carolina State Ports Authority*

Randolph R. Lowell (Fed. I.D. #9203)
133 River Landing Dr., Suite 200
Charleston, South Carolina 29492
Ph. 843.619.4426
rlowell@willoughyhoefer.com

*Counsel for the South Carolina State Ports Authority*

January 26, 2021