# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Linda Moore, ) | C/A. No. 2:20-4251-RMG |
|         Plaintiff, ) | |
| v. ) | **ORDER AND OPINION** |
| South Carolina Ports Authority, ) | |
|         Defendant. ) | |

Before the Court is Defendant the South Carolina Ports Authority (the "SCPA")'s motion to dismiss (Dkt. No. 7). For the reasons set forth below, the Court grants SCPA's motion.

## I.    Background

Plaintiff Linda Moore alleges that on May 4, 2019, while she was working for Intercruise, she fell at Building 324 located "on SC Port Union Pier Terminal." Plaintiff alleges she suffered injuries because of her fall.

On December 8, 2020, Plaintiff filed a complaint against the SCPA. Plaintiff brings one cause of action for negligence.

On January 26, 2021, the SCPA moved to dismiss Plaintiff's complaint, arguing this Court lacks subject matter jurisdiction to hear Plaintiff's case. (Dkt. No. 7). Plaintiff opposes. (Dkt. No. 9).

The SCPA's motion is fully briefed and ripe for disposition.

## II.    Legal Standard

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a defendant to move to dismiss an action for lack of subject matter jurisdiction. When presented with a 12(b)(1) motion,

1

the Court "is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991); *see also Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) (determination of subject-matter jurisdiction "may be based on the court's review of the evidence"). "The court may dismiss a case for lack of subject matter jurisdiction on any of the following bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Friends of Dereef Park v. Nat'l Park Serv.*, No. 2:13-cv-03453-DCN, 2015 WL 12807782, at *4 (D.S.C. Apr. 13, 2015) (internal citations omitted). The plaintiff has the burden of proving that subject-matter jurisdiction exists. *See Evans v. B.F. Perkins Co., a Div. of Standex Intern. Corp.*, 166 F.3d 642, 647 (4th Cir. 1999).

### III.    Discussion

The SCPA argues that Plaintiff's lawsuit must be dismissed because sovereign immunity and the Eleventh Amendment preclude exercise of federal judicial power over it.

The Eleventh Amendment provides: "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." U.S. Const. amend. XI. Though not explicitly stated in the language of the amendment, courts have long held that this guarantee also protects a state from federal suits brought by its own citizens, not only from suits by citizens of other states. *Hans. v. Louisiana,* 134 U.S. 1, 10 S. Ct. 504, 33 L.Ed. 842 (1890); *Port Auth. Trans—Hudson Corp. v. Feeney,* 495 U.S. 299, 304, 110 S. Ct. 1868, 109 L.Ed.2d 264 (1990). "The ultimate guarantee of the Eleventh Amendment is that non-

consenting States may not be sued by private individuals in federal court." *Bd. of Trustees of Univ. of Ala. v. Garrett,* 531 U.S. 356, 363, 121 S. Ct. 955, 148 L.Ed.2d 866 (2001). Sovereign immunity under the Eleventh Amendment "is concerned not only with the States' ability to withstand suit, but with their privilege not to be sued" in the first instance. *Alabama v. North Carolina,* 560 U.S. 330, 130 S. Ct. 2295, 2319–20, 176 L.Ed.2d 1070 (2010) (quoting *P.R. Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.,* 506 U.S. 139, 147, n. 5, 113 S. Ct. 684, 121 L.Ed.2d 605 (1993)). Accordingly, once the defendant raises the jurisdictional issue of immunity, the court must resolve this threshold matter prior to addressing the merits of the plaintiff's claims. *See Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94–95, 118 S. Ct. 1003, 140 L.Ed.2d 210 (1998) (extensively discussing the importance of establishing proper jurisdiction before considering the merits of a claim).

The phrase "against one of the United States" has long been interpreted to include certain state agents and state instrumentalities such that these may also be immune from suit in federal court. *Regents of the Univ. of Cal. v. Doe,* 519 U.S. 425, 429, 117 S.Ct. 900, 137 L.Ed.2d 55 (1997). However, courts must draw a line between state-created entities that are truly arms of the state, which are immune from suit, and independent political subdivisions such as counties, municipal corporations, and school boards, which typically cannot take shelter underneath the state's Eleventh Amendment immunity. *See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274, 280, 97 S. Ct. 568, 50 L.Ed.2d 471 (1977). Generally, "[t]he more an entity's independence resembles that of a political subdivision, the less likely the entity is an arm of a state." *Pub. Sch. Ret. Sys. of Mo. v. State St. Bank & Trust Co.,* 640 F.3d 821, 827 (8th Cir. 2011) *citing Mt. Healthy,* 429 U.S. at 280, 97 S. Ct. 568 ("counties and similar municipal corporations" are not arms of states).

The ultimate question for the purposes of the Eleventh Amendment immunity is whether the state is a real, substantial party in interest. *Pennhurst State Sch. and Hosp. v. Halderman,* 465 U.S. 89, 101, 104 S. Ct. 900, 79 L.Ed.2d 67 (1984). Therefore, when an instrumentality or agent of the state, named as a defendant in a case, seeks to take advantage of the state's Eleventh Amendment immunity, it becomes necessary to examine the relationship between the state and the entity being sued to determine whether it should be considered an arm of the state. *Doe,* 519 U.S. at 429, 117 S. Ct. 900.

In *Ristow v. South Carolina Ports Authority*, the Fourth Circuit explicitly held that the SCPA was an "arm of the state" of South Carolina and entitled to Eleventh Amendment immunity from suit. 58 F.3d 1051, 1054-55 (4th Cir. 1995) ("To summarize, in the strictest sense there is no legal obligation by the State of South Carolina to cover the Ports Authority's debts. The state, however, provides whatever economic support is necessary over and above the Port Authority's net revenues to insure its continued vitality. Conversely, it takes back any portion of the Authority's net revenues, which, in its legislative judgment, is 'not necessary or desirable' for the Ports Authority's operation. Practically, then, a judgment against the Ports Authority involves the 'core concern' of the Eleventh Amendment—the ebb and flow of funds into and out of South Carolina's treasury. We, therefore, conclude that the South Carolina State Ports Authority *is entitled to Eleventh Amendment immunity from suit*.") (emphasis added); *see also Fed. Maritime Comm'n v. S.C. State Ports Auth.*, 535 U.S. 743, 751, n.6 (2002) (recognizing *Ristow*'s determination that the Ports Authority is entitled to sovereign immunity as an arm of the State and applying it to bar a complaint against the Ports Authority before a federal agency).

Under the binding precedent described above, the Court must grant the SCPA's motion. Like the plaintiff in *Ristow*, Plaintiff attempts to bring a negligence action against the SCPA.

Because the SCPA is an arm of the state and is immune from suit under the Eleventh Amendment, however, Plaintiff's lawsuit is barred. *Ristow*, 58 F.3d at 1055; *see also South Carolina State Ports Authority v. Federal Maritime Com'n*, 243 F.2d 165, 167 (4th Cir. 2001) (reaffirming that the "South Carolina State Ports Authority is *indisputably* an arm of the state itself") (emphasis added). Dismissal of Plaintiff's suit is therefore necessary. *See Mitchell v. Forsyth*, 472 U.S. 511, 525 (1985) ("The entitlement is an *immunity from suit* rather than a mere defense to liability . . . .").

### IV.  Conclusion

For the foregoing reasons, the Court **GRANTS** the SCPA's motion to dismiss (Dkt. No. 7).

**AND IT IS SO ORDERED.**

<u>s/ Richard Mark Gergel</u>
United States District Court Judge

February 11, 2021
Charleston, South Carolina